FRANCIS K. STEWART, petitioner.   October 8, 1980.   The petitioner appeals from the dismissal of his petition for a writ of habeas corpus filed on September 25, 1979.   G. L. c. 248, §§ 1, 25.   Cf. Mass. R. Crim. P. 30 (a), 378 Mass. 900 (effective July 1, 1979).   We transferred the appeal here on our own motion.   In March, 1971, the petitioner was sentenced to a term of fifteen to twenty years at the Massachusetts Correctional Institution at Walpole (M.C.I., Walpole) for armed robbery.   On October 1, 1975, while on "escape" status from M.C.I., Walpole, the petitioner was arrested and charged with unlawfully carrying a firearm.   The petitioner was held at the Charles Street jail pending trial.   On January 28, 1976, he was convicted and sentenced to M.C.I., Walpole, for a term of four to five years to "take effect from and after the expiration of sentence said defendant is presently serving."   Under petitioner's construction of the effect of these sentences, he was entitled to be discharged from custody as of September 11, 1978, in so far as he was being held under the second sentence.

The respondent contends that the petition for habeas corpus does not lie because alternative appellate remedies were open to the petitioner under G. L. c. 278, § 28A.   We need not consider the question whether § 28A is applicable to the petitioner's claim, as the remedy of habeas corpus is available as of right to one unlawfully imprisoned or restrained. *Beaton, petitioner,* 354 Mass. 670 (1968).   An appeal properly lies from a judgment of dismissal.   *Stearns, petitioner,* 343 Mass. 53 (1961).   Cf. Mass. R. Crim. P. 30 (c) (8), 378 Mass. 902 (effective July 1, 1979).

The petitioner contends that the four- to five-year sentence should run concurrently with the fifteen- to twenty-year sentence.   The respondent has computed the petitioner's parole eligibility date on the assumption that the two sentences are to run consecutively.   The petitioner's premise is that because he was on escape status at the time of the disposition of the firearms charge, he was not "presently serving" any sentence.   See *Harding* v. *State Bd. of Parole,* 307 Mass. 217, 220 (1940); *Kinney, petitioner,* 5 Mass. App. Ct. 457, 459-460 (1977).   He therefore concludes that the four- to five-year sentence should not commence after the date of the unexpired armed robbery sentence.

The authority of the judge to impose a sentence to be served consecutively to a previously imposed, unexpired sentence, even if the petitioner

is not then serving that previously imposed sentence, is unquestioned. See *Henschel* v. *Commissioner of Correction*, 368 Mass. 130, 133 (1975). It was clearly the intent of the sentencing judge — as indicated by the phrase "from and after the expiration of the sentence" — to impose consecutive sentences. Cf. G. L. c. 279, § 8A. The fifteen- to twenty-year sentence was the only previously imposed, unexpired sentence to which the petitioner was subject. Therefore, the respondent is correct in his conclusion that the two sentences should run consecutively.[1]

*Judgment of dismissal affirmed.*

*Barry P. Wilson* for the petitioner.
*Harvey A. Schwartz*, Assistant Attorney General, for the respondent.

---

[1] The record is silent as to whether a conviction for the "escape" was obtained; nor do the parties address this issue. Consequently, we do not consider the effect, if any, of a sentence on such a conviction.