ROBERT P. MARLEY, SECOND vs. BOSTON MUNICIPAL COURT DEPARTMENT OF THE TRIAL COURT. January 15, 1999. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Sentence.

Robert P. Marley, II (petitioner), appeals from the denial of relief by a single justice of this court. The petitioner initially sought to appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), but we determined that the rule did not apply because he had not identified any interlocutory ruling in the trial court as the basis of his request for relief, and we allowed him to proceed according to the regular appellate process. We now affirm the judgment.

---

The petitioner stated in his request to the single justice for relief under G. L. c. 211, § 3, that his "pro-se [Mass. R. Crim. P.] 30 motion" had been denied; his request "for an expedited claim for declaratory judgment" had been denied; his petition for a writ of habeas corpus had been dismissed; his request for reconsideration and revision of his original rule 30 motion had been denied; and, that he had filed a notice of appeal "on that final denial." In considering our single justice's denial of relief, we focus on whether the petitioner has or had an adequate and effective avenue other than G. L. c. 211, § 3, by which to seek and obtain the requested relief. See *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996). As noted, the petitioner stated that he had not only filed "a pro-se Rule 30 motion," but that he had also filed a notice of appeal concerning the denial of his related request for reconsideration and revision. The petitioner has not demonstrated, notwithstanding his assertions to us that a decision would not be timely, that he did not at one time have, or does not now have, an adequate and effective alternative avenue for relief other than through G. L. c. 211, § 3. As the Commonwealth indicates, the petitioner could have, at least, appealed from the denial of his rule 30 motion. See *Hicks* v. *Commissioner of Correction*, 425 Mass. 1014, 1015 (1997). As a result, the single justice properly denied the request.

If we were to reach the merits of the petitioner's claim, we would conclude that the single justice neither abused his discretion nor committed a clear error of law. See *Commonwealth* v. *Nettis*, 418 Mass. 715, 717 (1994). The petitioner presents two primary arguments: that when the suspension of the execution of each of the two sentences at issue was revoked, the sentences were to be served concurrently; and that his right not to be punished twice for the same offense is violated by having him serve those sentences consecutively.

The judge's statements at the June, 1996, probation surrender hearing clearly indicate that she intended that the sentences were to be served consecutively (for example: "I'm going to impose the first sentence, two years and then on and after that sentence the 2-1/2 year sentence that is also suspended"). We do not consider the fact that one judge set the term of probation on each offense to expire on the same day to be conclusive proof that when another judge considered the probation surrender, she would have to order that the sentences be served concurrently. See *Stewart, petitioner*, 381 Mass. 777, 777-778 (1980). Nor do we accept the petitioner's interpretation of the second judge's comments regarding probation expiration as establishing that he decided the sentences, if imposed, should run concurrently.

Our statute provides that if suspension is revoked, "the sentence shall be in full force and effect." G. L. c. 279, § 3. If the second judge did not specify that the second sentence would be served concurrently should the suspension be revoked, it is not clear that the third judge could have "modified" that sentence by ordering that it be served concurrently. See *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995) (original sentence must be imposed). Moreover, the underlying offenses were separate in time. We conclude that in these circumstances, the third judge properly directed that the sentences be served consecutively.

We turn to the petitioner's other primary argument to the single justice — that his protection under the Fifth Amendment to the United States Constitution against having his sentence increased was violated, a variation of his argument to the full court about "a violation of the double jeopardy clause."

He argues again that his sentences, if to be served, were to run concurrently; but as we have noted, that is not clear from the document he cites (and which he himself transcribed). For the reasons set forth above, we do not agree that the petitioner's sentences were increased; and, therefore, we do not need to consider whether his asserted Fifth Amendment protection was violated.

The petitioner also refers us to Federal decisions which, he states, indicate that, where it is not clear whether sentences are to run concurrently or consecutively, the presumption is that they are to run concurrently. We do not agree that the situation before the third judge was "unclear." We look to our statute, G. L. c. 279, § 3, and its command that "the sentence shall be in full force and effect." We consider the third judge's action, in these circumstances, to be consistent with the statute.

*Judgment of the single justice affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John P. Zanini*, Assistant District Attorney, for Boston Municipal Court Department.

*Robert P. Marley, II*, pro se.