COMMONWEALTH *vs.* THOMAS CHIRILLO, JR.

No. 99-P-1311.

Norfolk. April 9, 2001. - October 25, 2001.

Present: GREENBERG, DUFFLY, & COWIN, JJ.

Further appellate review granted, 435 Mass. 1107 (2002).

*Practice, Criminal,* Sentence, Execution of sentence, Revocation of probation. *Constitutional Law,* Sentence. *Due Process of Law,* Sentence, Probation revocation. *Rules of Criminal Procedure.*

The failure of a criminal defendant to appeal the denial of a motion under Mass.R.Crim.P. 29 to revise and revoke a prison sentence did not constitute a waiver of the defendant's right to bring a later motion under rule 30(a) challenging the legality of the sentence imposed on him, because the filing of a rule 30 motion is the better way to challenge the legality of a sentence, there is no time limit for filing such a challenge, and the filing of a rule 29 motion does not preclude a subsequent rule 30(a) motion. [79-80]

Where a judge in a probation revocation proceeding separated one sentence from three other concurrent sentences that had previously been imposed on the defendant, the effect was to extend the period of probation on those three sentences beyond that which was contemplated by the previous judge, with the result that when the defendant later committed yet another offense, he was incarcerated for a probation violation that occurred after the original period of probation should have expired. [80-81]

INDICTMENTS found and returned in the Superior Court Department on June 27, 1988.

A probation violation hearing was held before *John D. Sheehan,* J., on September 11, 1991, and a motion to revoke and revise the sentence was considered by him; a second probation violation hearing was held before *Joseph A. Grasso, Jr.,* J., on June 18, 1997; and a motion for release from unlawful restraint was considered by *Patrick F. Brady,* J., on June 23, 1999.

*Alba Doto Baccari* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

GREENBERG, J. We consider (1) whether the defendant used

correct procedure to seek review of sentences imposed after revocation of his probation; and (2) whether the defendant, who had been placed on probation in conjunction with suspended sentences by two different judges for discrete offenses, is entitled upon revocation of probation, as matter of law, to serve the sentences concurrently, rather than as was done here, consecutively.

1. *History of proceedings.* The defendant, on May 22, 1986, pleaded guilty in Plymouth Superior Court on an indictment (no. 81282) for breaking and entering a motor vehicle with intent to commit larceny. The judge imposed a sentence of ten years at the Massachusetts Correctional Institution at Concord (M.C.I., Concord). The sentence was suspended, and the defendant was placed on probation for a period of two years. In early 1988, probation was extended to May 29, 1989. On June 15, 1988, the defendant was indicted in Norfolk Superior Court, this time for two counts of armed robbery (nos. 86586 and 86587). One week later, on June 22, 1988, three more indictments were brought against the defendant in Norfolk Superior Court: armed robbery (no. 86648), and two counts of assault and battery by means of a dangerous weapon (nos. 86649 and 86650). Plea negotiations ensued, and on September 14, 1988, the defendant, represented by counsel, entered pleas of guilty to all of the indictments. The judge (second judge) imposed committed sentences of three to five years to run concurrently at the Massachusetts Correctional Institution at Cedar Junction (M.C.I., Walpole) on indictment nos. 86586 and 86587. Execution of those sentences began immediately. On the remaining armed robbery charge (no. 86648) and the two assault and battery charges (nos. 86649 and 86650), the second judge imposed sentences of seven to ten years at M.C.I., Walpole. However, these three sentences, which were to be served concurrently with one another, were suspended, and the defendant was placed on probation for a period of two years to commence upon his release (by parole or discharge) from M.C.I., Walpole, on the two committed sentences.

At the time that these Norfolk County sentences were imposed, the clerk of court informed the defendant that the papers concerning his probation surrender on the Plymouth

County suspended sentence had been forwarded to Norfolk Superior Court and renumbered as "Norfolk 85065." The second judge, with the consent of the defendant and on the basis of his plea of guilty to the Norfolk County offenses, found him in violation of the 1986 probation. However, the judge declined to revoke the suspended sentence, and instead extended the probation to "run concurrent with Norfolk Superior Court #86648, 86649 & 86650." Thus, as of September 14, 1988, the defendant began serving two concurrent three- to five-year terms at M.C.I., Walpole, and was subject to an additional two years of probation on four suspended sentences (i.e., indictment nos. 86648, 86649, 86650, and 85065) to take effect upon his release from M.C.I., Walpole.

The defendant was paroled prior to completion of the three- to five-year M.C.I., Walpole, sentences. While on parole, he committed another breaking and entering offense. As a result, on September 11, 1991, he was surrendered on his parole at the Norfolk Superior Court.[1] At that time, he came before a third judge of the Superior Court. The record contains nothing as to any indictment number assigned to the new breaking and entering charge or what sentence, if any, was imposed. It is, however, plain from the docket entries that the suspended sentence on indictment no. 85065, the 1986 ten-year M.C.I., Concord, sentence, was revoked. The third judge ordered that sentence to be served "from and after" the time the defendant served the balance of the three- to five-year M.C.I., Walpole, sentences.[2] For reasons which do not appear in the record, instead of commit-

[1]Procedure upon a violation of parole is similar to that for a violation of probation. A violation of any voluntary term may lead a probation officer to "surrender" the defendant for revocation proceedings, at which time a judge will decide whether a violation has occurred and if so, whether probation should be revoked and the sentence served. If the court revokes probation, the defendant is subject to incarceration on the original sentence. Revocation of probation should be distinguished from *extension* of probation. See G. L. c. 279, § 3. See also District Court Rules for Probation Violation Proceedings, effective January 3, 2000, discussed *infra* at note 5.

[2]The defendant's Concord sentence was governed by G. L. c. 279, § 33, which was subsequently repealed. See St. 1993, c. 432, §§ 20, 21. Under G. L. c. 279, § 33, which authorized a M.C.I., Concord, sentence to be served for a definite term of years, parole eligibility for less than the specified term was not defined by statute. Rather, eligibility for early release was established by the Massachusetts Parole Board's policy. At the time of the defendant's

ting the defendant on the remaining seven- to ten-year sentences on indictment nos. 86648, 86649, and 86650, so as to effectuate concurrent committed sentences on all of the previously suspended sentences, the third judge extended probation on those three suspended sentences to take effect on and after the defendant completed serving the three- to five-year concurrent M.C.I., Walpole, sentences and the ten-year consecutive M.C.I., Concord, sentence. Nothing in the docket related to this September 11, 1991, surrender hearing indicates that the defendant objected to the disposition at the time it was imposed by the third judge.

However, on September 14, 1991, the defendant moved, pursuant to Mass.R.Crim.P. 29, 378 Mass. 899 (1979), to revise and revoke the ten-year M.C.I., Concord, sentence on indictment no. 85065. He argued that imposition of the concurrent three- to five-year M.C.I., Walpole, sentences had "vacated" the ten-year M.C.I., Concord, sentence. On October 1, 1991, the motion was denied by the third judge without a hearing. No appeal was taken by the defendant.[3]

By January 15, 1997, the defendant had completed serving both the M.C.I., Walpole, and the M.C.I., Concord, sentences. He began probation on indictment nos. 86648, 86649, and 86650. Had he stayed out of trouble, that would have ended the story. However, in March of 1997, he violated probation again when he was arrested for several other offenses, including assault by means of a dangerous weapon (a vehicle). As a result, on June 18, 1997, a fourth Superior Court judge found him in violation of probation and vacated the suspended sentences on indictment

commitment to M.C.I. Concord on his probation violation, he was eligible for release, in the board's discretion, after serving eighteen months of the ten-year sentence. See Isberg, A Compilation of Massachusetts Sentencing Laws (undated).

[3]In an affidavit in support of his motion pursuant to Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), discussed infra, the defendant claims that he told trial counsel to ask the third judge to surrender him on all outstanding sentences "so as to facilitate a total [sentence] of seventy months" by running the M.C.I., Walpole, and M.C.I., Concord, sentences concurrently. The defendant also alleges that his trial counsel declined to do so and led him to believe, erroneously, that he would only serve eighteen months of the M.C.I., Concord, sentence. He claims to have actually served the balance of the M.C.I., Walpole, sentences and an additional five years and four months of the M.C.I., Concord, sentence.

nos. 86648, 86649, and 86650. The defendant was committed to M.C.I., Walpole, to serve these seven- to ten-year concurrent sentences. Nearly two years later, on April 20, 1999, the defendant filed a motion for release from unlawful restraint pursuant to Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), alleging that the three seven- to ten-year sentences are illegal because the third judge should have committed him to serve the sentences concurrently with the three- to five-year M.C.I., Walpole, sentences in September, 1991. A fifth Superior Court judge denied the rule 30(a) motion, and the defendant appeals.

2. *Waiver of rule 30 claim.* There is a threshold issue: the Commonwealth contends that the defendant waived his claim by failing to file a direct appeal from the third judge's denial of his rule 29 motion. See *Commonwealth* v. *Richards*, 44 Mass. App. Ct. 478, 481 (1998). As a matter of parity with the Commonwealth, defendants have a limited right to appeal rule 29 denials when errors of law are at issue, but it is not an exclusive remedy. A defendant who has received an illegal sentence may challenge it, as the defendant did here, by filing a rule 30 motion, which is the better practice. See *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999); *Commonwealth* v. *Richards*, *supra* at 481 n.4. Rule 30(a) provides relief for convicted persons who are imprisoned or restrained in violation of the Constitution or laws of the United States or of the Commonwealth. The motion, addressed to the trial judge, may seek immediate release or correction of the sentence then being served. When the grounds asserted are that the sentence itself is improper because it exceeds the applicable statute or, as here, that some other illegality exists, there is no time limit on the challenge made under rule 30.[4] See *Commonwealth* v. *Ravenell*, 415 Mass. 191, 193 (1993).

While it is true that a defendant, in many instances, may waive rule 30 arguments by failing to raise them in a prior rule 30 motion, see Mass.R.Crim.P. 30(c)(2), 378 Mass. 901 (1979),

---

[4] Rule 30(a) reads as follows: "Unlawful Restraint. Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts."

or in a previous direct appeal, see *Commonwealth* v. *Amirault*, 424 Mass. 618, 640 (1997), we have found no decisions, nor has the Commonwealth called any to our attention, suggesting that the filing of a rule 29 motion necessarily precludes a subsequent rule 30(a) motion. There was no waiver.

3. *Extension of probation.* The defendant claims that the third judge improperly extended probation on indictment nos. 86648, 86649, and 86650 at the surrender hearing on September 11, 1991, because the probationary periods for these indictments . and indictment no. 85065 (the original Plymouth Superior Court indictment) had been joined by the second judge on September 14, 1988. He claims that he should have been found in violation of the terms of probation of both the M.C.I., Walpole, and the M.C.I., Concord, offenses in September, 1991. When multiple sentences are imposed, there is a presumption that they run concurrently with all other sentences that are imposed at the same time or previously, unless the court specifies that they are to be served consecutively. See *Henschel* v. *Commissioner of Correction*, 368 Mass. 130, 131-133 (1975); *Baranow* v. *Commissioner of Correction*, 1 Mass. App. Ct. 831, 832 (1973) ("We must assume that if the judge . . . had intended that [a sentence] be served following the expiration of [another sentence], he would have so stated"). Accordingly, we agree with the defendant that the third judge did not have discretion to stagger the probationary periods and the sentences, thereby creating a new sentencing scheme. Contrast *Marley* v. *Boston Mun. Court Dept.*, 428 Mass. 1023, 1024 (1999).

A probation violation may result in a probation surrender and revocation. A judge, once having found a probationer in violation, has authority to modify the conditions of probation or extend the period during which the defendant remains on probation. The court maintains the latter option even if it does not take action until after the period of probation has expired.[5] The only limitations are that the violation must have occurred

---

[5]Although not applicable to the instant case, by analogy, it is noteworthy that rule 7(d) of the District Court Rules for Probation Violation Proceedings, effective January 3, 2000, provides four exclusive options available to the court once a judge has found a probationer in violation. Section (d)(i) permits the judge to opt for continuing probation; section (d)(ii) allows for the termination of probation; and section (d)(iii) allows for the modification of conditions.

before the expiration of the probationary period and that the court must act within a reasonable time after the end of that period. See *Commonwealth* v. *Sawicki,* 369 Mass. 377, 384-385 (1975); *Commonwealth* v. *Ward,* 15 Mass. App. Ct. 388, 391-392 (1983). By unbundling the M.C.I. Concord sentence from the original, concurrent suspended sentences on indictment nos. 86648, 86649, and 86650, the effect of the third judge's September 11, 1991, order was to extend the two-year period of probation on the latter three sentences beyond what was contemplated by the second judge. Had the defendant been committed on all four suspended sentences in 1991, he would not have been on probation in 1997 when he commited another offense. The extension of probation resulted in his incarceration for a violation that occurred after the original period of probation should have expired. Fair play and finality (finality itself being a form of fair play) require that once probation is revoked, the court must impose the original suspended sentence if the time within which the sentence may be revised or revoked has expired. See *Commonwealth* v. *Holmgren,* 421 Mass. 224, 228 (1995). After revocation, the entire sentence must be imposed, and the defendant cannot be required to serve the sentence in installments. Cf. *White* v. *Pearlman,* 42 F.2d 788, 789 (10th Cir. 1930).

The denial of the defendant's rule 30(a) motion for release from unlawful restraint is reversed. The seven- to ten-year concurrent M.C.I., Walpole sentences, imposed as a result of the probation surrender hearing on June 18, 1997, are vacated, and the case is remanded to the Superior Court for further proceedings to determine whether the defendant shall be released.

*So ordered.*

.

Section (d)(iv) provides for the revocation of probation; and section (e) provides that upon revocation, the judge must order the execution of any suspended sentence in its entirety. Several reasons for this rule appear in the commentary. The most persuasive is that, having revoked probation, the court lacks authority to enforce conditions of the probationer's behavior.