## Commonwealth *vs.* Michael Bruzzese.

No. 00-P-996.

Norfolk. September 12, 2001. - November 2, 2001.

Present: Porada, Laurence, & Kafker, JJ.

Further appellate review granted, 435 Mass. 1107 (2002).

*Practice, Criminal,* Revocation of probation, Sentence, Double jeopardy. *Constitutional Law,* Sentence, Double jeopardy.

Where, at a probation revocation proceeding, the judge extended the period of probation on one complaint while simultaneously revoking the probation and imposing the suspended sentence on three other complaints, the judge impermissibly altered the concurrent sentencing scheme imposed by a previous judge, and improperly increased the defendant's sentence [154-155]; in addition, because the defendant had served the sentence which was to run concurrently with the suspended sentence at the time that probation was revoked, the defendant's right not to be placed twice in jeopardy for the same offense was violated [155].

COMPLAINTS received and sworn to in the Quincy Division of the District Court Department on February 6, 1990.

A probation revocation proceeding was heard by *Mark S. Coven,* J., on June 2, 1998; a motion to terminate probation was heard by him on March 2, 1999; and a second probation revocation proceeding was heard by him on February 15, 2000.

*Linda G. Ramsden* for the defendant.

*Ellen McCusker Devlin,* Assistant District Attorney, for the Commonwealth.

PORADA, J. Upon the revocation of his probation by a District Court judge, the defendant was sentenced to serve a one-year sentence that had been suspended. The defendant argues that the imposition of this sentence was illegal because it was an improper increase of his original sentence and resulted in a violation of his constitutional right not to be placed in jeopardy twice. Based upon the circumstances of this case, we agree and vacate the order imposing the one-year sentence.

.

We summarize the pertinent facts. On October 3, 1990, in the District Court, the defendant admitted to sufficient facts on four criminal complaints, each containing a number of counts. Upon an adjudication of guilty on all four complaints, the District Court judge imposed four concurrent sentences of two and one-half years, eighteen months to be served and the balance suspended until September 29, 1992. The defendant was also ordered to pay restitution in an amount to be determined and placed on probation. Although it is not clear from the record, his probation was apparently extended from time to time until June 2, 1998.

On that date, another District Court judge found that the defendant had violated the terms of his probation by committing another criminal offense and by failing to pay the restitution that was ordered. The judge revoked the defendant's probation on three of the complaints and committed the defendant to the house of correction to serve the one-year suspended sentence on and after the sentence the defendant was then serving for an unrelated offense. On the fourth complaint, the judge extended probation until December 1, 2000, for the purpose of paying the balance due for the restitution ordered. The defendant filed no appeal from this disposition, but on January 21, 1999, he filed a motion to terminate probation on the ground that the judge had no authority to extend the probation. This motion was denied on March 2, 1999, and the defendant filed a notice of appeal.

On February 15, 2000, the defendant was again found in violation of probation on the fourth complaint for commission of a criminal offense and failure to pay the restitution ordered. The judge revoked the defendant's probation and imposed the one-year suspended sentence. On the same date, the defendant filed a motion for release from unlawful restraint and a motion to stay the sentence. Both motions were denied. The defendant then filed a notice of appeal from the denial of the motions and from the order revoking probation.

As a preliminary matter, the Commonwealth argues that the only appeal before us is the judge's revocation of probation and imposition of the one-year sentence on February 15, 2000, because the defendant failed to pursue an appeal from the denial of the motion to terminate probation on March 2, 1999.

However, the Commonwealth overlooks the fact that the Commonwealth never moved to dismiss that appeal. Mass.R.A.P. 19(c), 365 Mass. 868 (1974). The defendant, on the other hand, argues that the appeal before us is the appeal from the denial of the motion to terminate probation on March 2, 1999. Because the issue is basically the same in both appeals, and because both appeals are timely, it matters not which one we consider.

The defendant claims that because he received concurrent sentences on each of the complaints, the judge did not have the authority to extend probation on one complaint while simultaneously revoking the probation on the three other complaints and imposing the suspended one-year sentence. Doing so, the defendant argues, resulted ultimately in a change of the defendant's original two and one-half year sentence to three and one-half years, a result that runs contrary to the rule of law established in *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995), that upon revocation of probation, the original suspended sentence must be imposed if the time has expired within which the sentence may be revised or revoked. The defendant concludes that the changed sentence thus violated his double jeopardy rights.

The Commonwealth counters by arguing first that it is well established that a judge has the authority to extend probation upon a finding of a violation of probation. *Commonwealth* v. *Sawicki*, 369 Mass. 377, 383-385 (1975). District Court Rules for Probation Violation Proceedings 7(d)(iii) (West 2000). Secondly, the Commonwealth argues that the *Holmgren* case does not speak directly to the issue raised in this case, because it involved a single sentence, not concurrent sentences as in this case.

While we agree with the Commonwealth that upon a finding of a violation of probation, a judge has the authority to extend probation and that there is nothing in the *Holmgren* case that directly addresses the issue raised here, that is not the end of our inquiry. First, we are mindful that the *Holmgren* case instructs us that upon the revocation of probation, the judge may not change the original sentence. *Commonwealth* v. *Holmgren*, 421 Mass. at 228. Secondly, we recognize that where the time to revise or revoke a sentence has expired, a judge lacks the power to alter a sentence. Mass R.Crim.P. 29(a), 378

Mass. 899 (1979). Based upon the backdrop of those established principles, coupled with the obvious inference from the face of the docket sheets that the original sentencing judge intended to bundle all of the offenses in the four complaints into one sentence of two and one-half years by making them concurrent, we conclude that the judge impermissibly altered the concurrent sentencing scheme by extending the probation on one complaint while simultaneously revoking the probation and imposing the suspended sentence of one year on the remaining three. As a result, when the judge revoked the defendant's probation on February 15, 2000, the defendant's sentence was improperly increased from two and one-half years to three and one-half years and thus was illegal.

In addition, because the defendant had already served the one-year sentence which was to run concurrently with the suspended sentence on the one complaint on which probation was revoked on February 15, 2000, the defendant's right not to be placed twice in jeopardy for the same offense was violated. *Commonwealth* v. *Faulkner*, 418 Mass. 352, 357-358 (1994). Contrast *Jackson* v. *Commonwealth*, 430 Mass. 260, 263-264 (1999), cert. denied, 528 U.S. 1194 (2000) (principle of double jeopardy did not apply to bar a prosecution for armed robbery where the underlying prior conviction for stolen properly had been vacated at the request of the defendant and the defendant had not served his entire sentence for the stolen property offense).

> *Order imposing one-year sentence vacated.*
>
> *Order denying motion for relief from unlawful restraint reversed.*