Commonwealth *v.* Bruzzese.

## COMMONWEALTH *vs.* MICHAEL BRUZZESE.
## COMMONWEALTH *vs.* THOMAS CHIRILLO.
## COMMONWEALTH *vs.* BRUCE WHEELER.

Norfolk. Essex. May 9, 2002. - August 26, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Revocation of probation, Sentence, Double jeopardy. *Constitutional Law,* Sentence, Double jeopardy.

Where, at a probation revocation proceeding, the judge extended the period of probation on one complaint while simultaneously revoking the probation and imposing a suspended sentence on three other complaints, the judge impermissibly altered the concurrent sentencing scheme imposed by a previous judge; in addition, the judge violated double jeopardy principles by ordering the defendant to serve the suspended sentence on the fourth complaint, the effect of which was to extend the length of the defendant's sentence beyond that which the original sentencing judge had imposed. [613-614]

Where a sentence in a criminal case (case one) had been imposed at a different time, in a different court, and by a different judge from those sentences imposed in two other cases (cases two and three), and where a probation revocation proceeding in case one was conducted separately from the sentencing in case three by a judge who deliberately did not order the sentences in case one and case three to be served concurrently, but instead manifested an intent to retain the option to impose consecutive sentences, a third judge, who treated case one and case three separately, did not impermissibly alter a concurrent sentencing order, but had the authority to impose the sentence in the first case and simultaneously extend probation and continue a suspension of the sentence in case three; consequently, because there was no concurrent sentencing order for cases one and three, the sentences in those cases could be served consecutively without offending principles of double jeopardy, and a fourth judge was free to impose the sentences in case three after revoking the defendant's probation. [615-617]

A Superior Court judge erred in allowing a criminal defendant's motion under Mass. R. Crim. P. 30(a), 378 Mass. 900 (1979), for release from unlawful restraint, on the basis that the judge believed he had erroneously imposed consecutive sentences after revoking the defendant's probation on concurrent terms of straight probation where, because the concurrent terms of straight probation did not create a concurrent sentencing scheme, the judge had authority to impose consecutive sentences. [617-618]

COMPLAINTS received and sworn to in the Quincy Division of the District Court Department on February 6, 1990.

A probation revocation proceeding was heard by *Mark S. Coven*, J., on June 2, 1998; a motion to terminate probation was heard by him on March 2, 1999; and a second probation revocation proceeding was heard by him on February 15, 2000.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

INDICTMENTS found and returned in the Superior Court Department on June 27, 1988.

A probation violation hearing was held before *John D. Sheehan*, J., on September 11, 1991, and a motion to revoke and revise the sentence was considered by him; a second probation violation hearing was held before *Joseph A. Grasso*, J., on June 18, 1997; and a motion for release from unlawful restraint was considered by *Patrick F. Brady*, J., on June 23, 1999.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

INDICTMENTS found and returned in the Superior Court Department on February 28, 1996.

A probation violation hearing was held before *Richard E. Welch, III*, J., on August 20, 1998; a second probation violation hearing was held before *Isaac Borenstein*, J., on February 15, 2001, and a motion for release from unlawful restraint was heard by him on February 13, 2002.

The Supreme Judicial Court granted a request for direct appellate review.

*Alba Doto Baccari* for Thomas Chirillo.

*Robert C. Cosgrove*, Assistant District Attorney (*Ellen McCusker Devlin*, Assistant District Attorney, with him) & *Catherine L. Semel*, Assistant District Attorney, for the Commonwealth.

*Linda G. Ramsden* for Michael Bruzzese.

*Benjamin H. Keehn*, Committee for Public Counsel Services (*Paul Rudof*, Committee for Public Counsel Services, with him) for Bruce Wheeler.

SPINA, J. These cases raise issues of the sentencing options available to judges after a defendant's probation has been revoked on multiple charges, and specifically, how a concurrent sentencing scheme affects those options. We granted the Com-

monwealth's application for further appellate review in *Commonwealth* v. *Bruzzese*, 53 Mass. App. Ct. 152 (2001), where the Appeals Court concluded that a judge "impermissibly altered the concurrent sentencing scheme [on four complaints] by extending the probation on one complaint while simultaneously revoking the probation and imposing the suspended sentence of one year on the remaining three." *Id.* at 155. The Appeals Court further concluded that the judge later violated double jeopardy principles by ordering Bruzzese to serve the suspended sentence on the fourth complaint, the effect of which was to extend the length of Bruzzese's sentence beyond that which the original sentencing judge had imposed. *Id.* For reasons that follow, we agree with the Appeals Court.

We also granted the Commonwealth's application for further appellate review in *Commonwealth* v. *Chirillo*, 53 Mass. App. Ct. 75 (2001), where the Appeals Court concluded that joinder of probationary periods on unrelated cases created a concurrent sentencing scheme that foreclosed a judge from later imposing consecutive sentences. We conclude that the joinder of probationary periods did not create a concurrent sentencing scheme, and that the judge did have authority to impose consecutive sentences after a subsequent revocation of probation. We therefore affirm the judgment of the Superior Court.

Finally, we granted the Commonwealth's application for direct appellate review where a Superior Court judge allowed Bruce Wheeler's motion under Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), for release from unlawful restraint. The judge concluded from *Commonwealth* v. *Bruzzese*, *supra*, and *Commonwealth* v. *Chirillo*, *supra*, that he had erroneously imposed consecutive sentences after revoking the defendant's probation on concurrent terms of straight probation. Because we conclude that the concurrent terms of straight probation did not create a concurrent sentencing scheme, we also conclude that the judge did have authority to impose consecutive sentences, and we vacate the order allowing the defendant's motion under rule 30 (a).

# I

## Commonwealth *vs.* Michael Bruzzese

Michael Bruzzese admitted to sufficient facts to warrant a finding of guilty on each of four complaints, he was found guilty, and a District Court judge sentenced him to concurrent terms of two and one-half years in a house of correction. The judge ordered immediate execution of eighteen months on each sentence, he suspended execution of the balance (one year) of each sentence, and he placed Bruzzese on probation for the suspended portion of the sentence. Bruzzese was ordered to pay restitution as a condition of probation.

After Bruzzese served the eighteen-month portions of his "split" sentences, he began serving probation. While on probation he committed another crime, and was convicted. On June 2, 1998, based on that conviction, and on his failure to pay restitution, a second judge found that Bruzzese had violated his probation. He revoked Bruzzese's probation on three complaints and ordered him to serve the one year balance of the sentences on those complaints. The judge extended the probation on the fourth complaint to December 1, 2000. As before, a condition of Bruzzese's probation was that he pay restitution.[1]

After he finished serving the sentences on the first three complaints, and during the extended probationary term on the fourth complaint, Bruzzese committed another offense and failed to pay restitution. As a result, on February 15, 2000, the second judge revoked his probation and ordered Bruzzese to serve the balance of the sentence, one year, on the fourth complaint. Bruzzese immediately filed a motion under rule 30 (a) for release from unlawful restraint, contending that on June 2, 1998, the judge impermissibly changed the structure of his original sentence, and that the February 15, 2000, order for execution of

---

[1] On March 2, 1999, the second judge denied Bruzzese's motion to terminate probation in which Bruzzese claimed that the second judge had had no authority to extend probation on the fourth complaint after ordering execution of the suspended portions of the sentences on the other three complaints. Bruzzese argued that the four sentences originally were ordered to be served concurrently, and that they could not be unbundled. Bruzzese timely appealed, but his efforts to obtain a stay pending appeal were unsuccessful.

the suspended portion of the sentence on the fourth complaint violated principles of double jeopardy and due process. The motion was denied. Bruzzese timely appealed from the revocation of his probation on the fourth complaint and the denial of his motion under rule 30 (a).

The Appeals Court agreed with Bruzzese. It vacated the one-year sentence on the fourth complaint and reversed the order denying his motion for release from unlawful restraint. See *Commonwealth* v. *Bruzzese, supra* at 155.

## Commonwealth *vs.* Thomas Chirillo

Three separate cases are involved.

*Case 1.* On May 22, 1986, Thomas Chirillo pleaded guilty to an indictment alleging a single offense, and he received a ten-year suspended sentence to the Massachusetts Correctional Institution, at Concord. He was placed on probation for two years, and in early 1988 his probation was extended to May 29, 1989.

*Case 2.* On September 14, 1988, Chirillo pleaded guilty to two offenses for which he had been indicted on June 15, 1988. A second judge sentenced him to concurrent terms of from three to five years at Massachusetts Correctional Institution, Cedar Junction (M.C.I.-Cedar Junction).

*Case 3.* Chirillo also pleaded guilty on September 14, 1988, to three offenses for which he had been indicted on June 22, 1988. The second judge awarded concurrent sentences of seven to ten years at M.C.I.-Cedar Junction. The sentences were ordered to be served from and after the sentences imposed in Case 2. Execution of the sentences in Case 3 was suspended, and Chirillo was placed on probation for two years, to be served after his release from prison under the sentences imposed in Case 2.

Also on September 14, 1988, after sentencing Chirillo in Cases 2 and 3, and on the basis of those convictions, the second judge found Chirillo in violation of his probation in Case 1. The

judge extended Chirillo's probation in Case 1 and ordered that it be served concurrently with the probation in Case 3.[2]

Chirillo was paroled from the sentences in Case 2, and thereafter began serving probation in Cases 1 and 3. While serving probation he committed another offense. As a result, his parole in Case 2 was revoked, and on September 11, 1991, a third judge found that he had violated his probation. The judge revoked his probation in Case 1 and ordered Chirillo to serve the sentence in Case 1 from and after the sentences in Case 2 that he was then serving. The judge also extended Chirillo's probation in Case 3 for two years, to be served from and after the sentence in Case 1.

On January 15, 1997, Chirillo was released from his sentence in Case 1, and he began serving probation in Case 3. While on probation, he committed another offense. On June 18, 1997, a fourth judge revoked Chirillo's probation and ordered him to serve the sentences in Case 3. On April 20, 1999, Chirillo filed a motion under rule 30 (a) for release from unlawful restraint. The motion was denied on June 23, 1999, and Chirillo timely appealed.

The Appeals Court agreed with Chirillo and concluded that, because the probationary periods in Cases 1 and 3 had been joined on September 14, 1988, a concurrent sentencing scheme had been created and the third judge had no authority to unbundle the sentences on September 11, 1991. The Appeals Court reversed the denial of Chirillo's motion under rule 30 (a). See *Commonwealth* v. *Chirillo, supra.*

### Commonwealth *vs.* Bruce Wheeler.

On May 29, 1996, Bruce Wheeler pleaded guilty to eight offenses described in two indictments. He was sentenced to one year in a house of correction for one offense, and placed on straight probation, pursuant to G. L. c. 276, § 87, for ten years on each of the remaining seven counts. The judge ordered the probation on the seven counts to be served concurrently with each other, from and after the sentence imposed on the first count.

---

[2]Case 1 originated in the Superior Court for Plymouth County. In June, 1987, Chirillo's probation in Case 1 had been transferred to the Superior Court for Norfolk County, where Cases 2 and 3 were later heard.

On August 20, 1998, a second judge found that Wheeler violated a special term of his probation. He revoked Wheeler's probation on one of the seven counts and sentenced Wheeler to a term of two and one-half years in a house of correction on that count. The judge extended the straight probation for ten years on the remaining six counts, to be served concurrently with each other, from and after the new sentence.

On February 15, 2001, the first judge found that Wheeler violated a special term of his probation. On April 23, 2001, he revoked Wheeler's probation on two counts and sentenced Wheeler to consecutive terms of from three to five years at M.C.I.-Cedar Junction on those counts. He extended the straight probation for ten years on the remaining four counts, to be served concurrently with each other, from and after the prison sentences he had just imposed.[3]

On December 11, 2001, the first judge wrote to the district attorney and Wheeler's counsel that, based on his reading of the Appeals Court's decisions in *Commonwealth* v. *Bruzzese, supra,* and *Commonwealth* v. *Chirillo, supra,* he was concerned that "the [Superior] Court may have exceeded its authority and jurisdiction on February 15, 2001, and August 20, 1998." On January 28, 2002, Wheeler filed a motion under rule 30 (a), in which he claimed that the sentences imposed on August 20, 1998, and April 23, 2001, improperly altered the structure of the concurrent sentences imposed in 1996, and violated principles of double jeopardy. The first judge allowed the motion and vacated the sentences he imposed on April 23, then stayed his order for two weeks to allow the Commonwealth an opportunity to seek a further stay from a single justice of the Appeals Court.

The Commonwealth timely appealed, and sought a further stay. On March 7, 2002, a single justice of the Appeals Court granted the Commonwealth's motion for a stay of the order to vacate. We granted the Commonwealth's application for direct appellate review.

---

[3]Wheeler filed a notice of appeal on April 23, 2001. That appeal has not been entered in the Appeals Court.

## II

## A

Bruzzese contends that the sentence imposed on February 15, 2000, in consequence of the probation revocation on the fourth complaint was invalid because it should have been ordered served with the sentences on the first three complaints, on June 2, 1998. He further argues that, because it was served in addition to the sentences on the first three complaints, he served one year more than was required under his original sentencing scheme, in violation of double jeopardy principles. We agree with both points.

At the time of Bruzzese's original sentencing, the judge imposed four sentences, each consisting of a term of two and one-half years in a house of correction. The judge ordered the four sentences to be served concurrently. This court has said of concurrent sentences that "while [a defendant] is technically serving more than one sentence, as a practical matter he is serving only one. When two or more sentences are to be served concurrently, the shorter ones are considered to be 'absorbed' within the longer sentence." *Carlino* v. *Commissioner of Correction*, 355 Mass. 159, 161 (1969). When a judge orders sentences to be served concurrently, his order creates a sentencing scheme that establishes a relationship between, or among, the sentences. The concurrency order thus becomes part of the sentences themselves. It is manifest from the concurrency order here that the sentencing judge created a sentencing scheme under which Bruzzese would serve no more than two and one-half years on all four complaints.

There is no merit to the Commonwealth's suggestion that the concurrency order applied only to the eighteen-month, or direct, portion of the sentences, and not to the suspended portion of the sentences. The concurrency order referred to the full term of two and one-half years. It made no distinction between the direct and suspended portions of the sentences. An order that the direct portion of multiple split sentences be served concurrently, and the suspended portion be served consecutively, which the Commonwealth suggests occurred here, is simply not what the sentencing judge stated in the straightforward imposition of

concurrent terms of two and one-half years in a house of correction.

Because the concurrency order was part of the over-all sentence structure, it was subject to the revise and revoke provisions of Mass. R. Crim. P. 29, 378 Mass. 899 (1979). As such, once the time expired within which the order could be revised or revoked, the concurrent sentencing scheme could not be changed. See *Commonwealth* v. *Layne,* 386 Mass. 291, 294-295 (1982). When, on June 2, 1998, the judge revoked Bruzzese's probation, the time for revising or revoking the concurrency order had long since expired. Having decided to order execution of at least one suspended sentence, the judge had no choice but to order execution of all four. See *Commonwealth* v. *Holmgren,* 421 Mass. 224, 228 (1995). Because the judge ordered Bruzzese to serve the suspended portion of the sentence on three complaints and extended probation on the fourth, he "impermissibly altered the concurrent sentencing scheme." *Commonwealth* v. *Bruzzese, supra* at 155. Bruzzese was entitled to have his motion to terminate probation on the fourth complaint allowed, or, alternatively, serve the sentence on that complaint concurrently with the sentences on the other three complaints, effective June 2, 1998.

When the judge revoked Bruzzese's probation on the fourth complaint on February 15, 2000, Bruzzese had served two and one-half years on the first three complaints. Because the original concurrency order contemplated a maximum punishment of two and one-half years on all four complaints, the order that Bruzzese serve another year on the fourth complaint resulted in his serving three and one-half years on the four complaints. That order violated principles of double jeopardy because it required him to serve multiple punishments for the same offense. See *Luk* v. *Commonwealth,* 421 Mass. 415, 419 (1995); *Commonwealth* v. *Faulkner,* 418 Mass. 352, 357-358 (1994); *Commonwealth* v. *Bruzzese, supra* at 155. Bruzzese's motion under rule 30 (a) should have been allowed.[4]

---

[4]A motion under Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), challenging the legality of the sentence imposed in consequence of a probation revoca-

## B

Chirillo contends that the second judge's September 14, 1988, order extending his probation in Case 1 to run concurrently with his probation in Case 3 created a concurrent sentencing scheme. He argues that the third judge impermissibly altered that sentencing scheme by unbundling the sentences when, after he revoked Chirillo's probation in Case 1 on September 11, 1991, and ordered execution of the sentence in Case 1, he continued the probation in Case 3. Chirillo further argues that the fourth judge's order for execution of the sentence in Case 3 on June 18, 1997, violated his due process rights, and that the fourth judge should have allowed his motion under rule 30 (a).[5]

The success of Chirillo's appeal depends upon the creation of a concurrent sentencing scheme for Cases 1 and 3 on September 14, 1988. When construing a sentencing order we look to the intent of the judge. See *Marley* v. *Boston Mun. Court Dep't of the Trial Court*, 428 Mass. 1023, 1024 (1999); *Stewart, petitioner*, 381 Mass. 777, 777-778 (1980). The order that the probation in Case 1 be served concurrently with the probation in Case 3 was not an order for concurrent sentences in the event of a violation of probation. Chirillo acknowledges that the second judge did not expressly order the sentences in Cases 1 and 3 to be served either consecutively or concurrently. Before he ordered concurrent probation in Cases 1 and 3, the judge ordered the sentences in Cases 2 and 3 to be served consecutively and he ordered the sentences within each case to be served

tion order is the appropriate avenue for relief from such an order. See *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999).

[5]There is no merit to the Commonwealth's contention that Chirillo waived the arguments raised in his motion under rule 30 (a) because he raised the same issues in a motion under Mass. R. Crim. P. 29, 378 Mass. 899 (1979), to revise and revoke sentence, filed on September 14, 1991, after he was sentenced in Cases 2 and 3 and his probation was extended in Case 1. The rule 29 motion was denied on October 1, 1991, and Chirillo did not appeal from that denial. Although Chirillo's motion under rule 29 was an appropriate means to challenge the alteration of his original sentence structure, his failure to appeal from the denial of that motion would not preclude him from challenging, by way of a rule 30 (a) motion, the legality of a sentence subsequently imposed as a consequence of a probation revocation order. The questions are related, but the subsequent revocation of probation and incarceration for an additional year ripened into an additional claim under rule 30 (a) for release from an illegal sentence.

concurrently. Where the judge issued an intricate set of consecutive and concurrent sentencing orders in Cases 2 and 3, the absence of a concurrent sentencing order immediately thereafter linking the sentence in Case 3 to Case 1 stands out as an intentional omission.

The sentence in Case 1 had been imposed at a different time, in a different court, and by a different judge from those imposed in Cases 2 and 3. The probation revocation proceeding in Case 1 was conducted independent of the sentencing in Cases 2 and 3, by a judge, who, in our view, carefully and deliberately did not order the sentences in Cases 1 and 3 to be served concurrently. We conclude, unlike the Appeals Court, see *Commonwealth* v. *Chirillo, supra* at 80, that this record indicates that, when the second judge ordered concurrent probation in Cases 1 and 3, he did not intend the sentences in those cases to be served concurrently, but instead manifested an intent to retain the option to impose consecutive sentences. See *Marley* v. *Boston Mun. Court Dep't of the Trial Court, supra.*

Unlike the *Bruzzese* case, Cases 1 and 3 were not subject to a concurrent sentencing order. Consequently, when the third judge treated Cases 1 and 3 separately, he did not impermissibly alter a concurrent sentencing scheme. He was not required to order the sentences in Case 3 to be executed with the sentence in Case 1 when he revoked Chirillo's probation on September 11, 1991. He had the authority to impose the sentence in Case 1 and simultaneously extend the probation and continue the suspension of the sentence in Case 3. See *id.*

Chirillo's claim that his due process rights were violated when the fourth judge ordered him to serve the sentences in Case 3, after he had served the sentence in Case 1, is similarly unavailing. His argument essentially is that the order violated the double jeopardy prohibition against multiple punishments for the same offense, as in the *Bruzzese* case, because it required him to serve consecutively those sentences that had been ordered on September 14, 1988, to be served concurrently. Because we have concluded that there was no concurrent sentencing order for Cases 1 and 3, unlike the *Bruzzese* case, the sentences in Cases 1 and 3 could be served consecutively without offending principles of double jeopardy. Contrast *Commonwealth* v.

*Faulkner, supra* at 357-358. The fourth judge was free to impose the sentences in Case 3 on June 18, 1997, after he revoked Chirillo's probation. Chirillo's motion under rule 30 (a) was properly denied.

## C

The Commonwealth argues that the judge erred by allowing Wheeler's rule 30 (a) motion because the original orders for concurrent terms of straight probation did not create a concurrent sentencing scheme that foreclosed imposition of consecutive sentences after a revocation of probation, and the consecutive sentences Wheeler subsequently received were not, therefore, illegal. We agree.

"[A] term of straight probation is not a sentence even though such a disposition may be appealed." *Commonwealth* v. *Rodriguez,* 52 Mass. App. Ct. 572, 576 (2001). When a defendant receives straight probation, he faces a disposition that, "by its nature lacks an element of finality. There is an aspect of continuing, not double, jeopardy." *McHoul* v. *Commonwealth,* 365 Mass. 465, 469 (1974). "[A] period of straight probation is simply the deferral of a sentencing decision." *Commonwealth* v. *Rodriguez, supra* at 577. Because a term of straight probation is not a sentence, concurrent terms of straight probation are not concurrent sentences that have been bundled together under a concurrent sentencing scheme for purposes of double jeopardy. The imposition of concurrent terms of straight probation signals nothing and it creates no reasonable expectation in a defendant as to the type of sentence or sentences he might receive if his probation is revoked.[6]

If a defendant's straight probation is revoked, whether it be

---

[6]There is no merit to Wheeler's claim that nothing about the operative terms of his original sentencing could conceivably put a reasonable person in his position on notice that he could receive up to seven consecutive sentences. It is precisely this aspect of uncertainty of straight probation that defendants commonly urge on judges. Pointing to their lack of any appreciable criminal record, solid employment record, good employment prospects, and other factors such as strong family support, they commend themselves as good candidates for straight probation because the offense was an aberration and they are not likely to reoffend, *but if they do,* then they acknowledge that a judge can impose up to the maximum sentence on each term of straight

on a single charge or on multiple charges, he is subject to sentencing on those charges in essentially the same light that existed at the time straight probation was originally imposed. See *Commonwealth* v. *Goodwin,* 414 Mass. 88, 93 (1993); *Commonwealth* v. *Rodriguez, supra* at 577 n.8. See also G. L. c. 279, § 3.[7] He may receive the maximum sentence on each conviction, and the sentences may be imposed consecutively, just as at the original sentencing.

Wheeler argues that he was not informed at the time of his guilty pleas that the seven concurrent terms of probation could, in the event of a violation, be transformed to consecutive terms of incarceration. Even if this were true, it does not go to the question of the legality of his sentence and thus cannot provide the basis for granting a motion under rule 30 (a). See *Commonwealth* v. *McGuinness,* 421 Mass. 472, 475 (1995) ("An illegal sentence is one that is not permitted by law for the offense committed"). Nor would it constitute a basis on which to allow Wheeler to withdraw his guilty plea. See *Commonwealth* v. *Rodriguez, supra* at 580-583 (failure to advise defendant at time of guilty plea that violation of conditions of straight probation could result in imposition of minimum mandatory sentence not sufficient reason to justify withdrawal of plea or allowance of motion for new trial).

There was no basis to conclude that Wheeler's sentence was illegal. The allowance of his motion under rule 30 (a) must be vacated.

## III

The order imposing the one-year sentence on February 15,

probation. See *Commonwealth* v. *Rodriguez,* 52 Mass. App. Ct. 572, 577-578 n.9 (2001).

The absence of any protest from Wheeler on being sentenced after his probation was revoked not once, but twice, belies any claim that he did not subscribe to the common understanding of straight probation. It was only when the judge raised this issue, sua sponte, that Wheeler filed his rule 30 (a) motion.

[7]General Laws c. 279, § 3, states in relevant part: "At any time before the final disposition of the case of a person placed under probation supervision . . . the court . . . may, if he has not been sentenced, sentence him or make any other lawful disposition of the case, and if he has been sentenced, it may continue or revoke the suspension of the execution of his sentence . . . ."

2000, on the fourth complaint against Bruzzese is vacated, and the order denying his motion for release from unlawful restraint is reversed.

The denial of Chirillo's motion for release from unlawful restraint is affirmed.

The allowance of Wheeler's motion for release from unlawful restraint is reversed.

*So ordered.*