The defendant appeals from the order denying his motion to reconsider the denial of his motion to correct illegal sentence. We affirm.
In May 1997, the defendant was convicted of murder in the first degree, G. L. c. 265, § 1, and unlawfully carrying a firearm without a license, G. L. c. 269, § 10(a ) (Suffolk charges). He was sentenced to life in prison for the murder conviction and a concurrent four to five year sentence in State prison for the firearm conviction.
Approximately six months later, on December 4, 1997, the defendant pleaded guilty to mayhem, G. L. c. 265, § 14, assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(b ), and assault and battery on a guard or correction officer, G. L. c. 127, § 38B (Plymouth charges). The Plymouth charges were based on conduct completely unrelated to the bases for the Suffolk charges. He was sentenced to concurrent sentences of ten to twelve years for the mayhem conviction, and eight to ten years for the two assault and battery convictions-all of which were to run currently with the sentences the defendant was then serving on the Suffolk charges.[2]
At the time the defendant tendered his plea on the Plymouth charges, he had appealed from his convictions on the Suffolk charges. That appeal ultimately resulted in the Supreme Judicial Court affirming the firearm conviction, but reversing the murder conviction and ordering a new trial. Commonwealth v. Little, 431 Mass. 782, 791 (2000). After a retrial in December, 2003, a jury found the defendant guilty of voluntary manslaughter. He was sentenced in February, 2004, to nineteen years and 364 days to twenty years to be served from and after the sentence he was serving on the Plymouth charges.
The defendant appealed this sentence to the Appellate Division of the Superior Court, where it was affirmed. He also appealed the manslaughter conviction, which a panel of this court affirmed in an unpublished memorandum and order pursuant to our rule 1:28. Commonwealth v. Little, 68 Mass. App. Ct. 1104 (2007). In that appeal, the defendant argued-among other things-that "the sentence [w]as vindictive; a punishment for appealing, and prevailing on, the murder conviction; effectively a sentence for murder; multiple punishments for the same offense in violation of the defendant's right against double jeopardy; and a violation of the provisions of G. L. c. 279, § 33A, regarding credit for time served." We rejected these arguments, and affirmed the defendant's manslaughter conviction.
Nine years later, the defendant filed a motion to correct illegal sentence pursuant to Mass.R.Crim.P. 30(a), 435 Mass. 1501 (2001). In essence, he repeated the argument he made in his direct appeal that the manslaughter sentence violated double jeopardy because it was imposed to run from and after the Plymouth charges, whereas the original murder sentence was to run concurrently. The motion was denied, as was his subsequent motion to reconsider. It is this latter order that is the subject of this appeal.
On appeal, the defendant again argues that the manslaughter sentence violates double jeopardy because the sentence runs from and after (rather than concurrent with) the sentence on the Plymouth charges. This argument was raised, considered, and decided in his direct appeal from the manslaughter conviction, and direct estoppel bars him from relitigating it. See Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005) ; Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 699 (2015). Although the defendant is correct that there is no deadline by which a motion to correct illegal sentence under rule 30(a) must be filed, it does not follow that he is allowed to file such motions repetitively, exempt from the principle of direct estoppel.[3]
Even were we to overlook the fact that the defendant is estopped from raising the same argument again, his appeal would nonetheless fail for the same reasons given in the 2007 memorandum and order. Specifically, as stated then, the defendant's double jeopardy argument fails because "the consecutive sentences are not multiple punishments for the same offense. See Commonwealth v. Diaz, 383 Mass. 73, 84-85 (1981)." The Plymouth and Suffolk charges rested on completely different conduct, occurring on separate dates and involving different victims. There was simply no relationship between the crimes.
For this reason, the defendant's reliance on Commonwealth v. Bruzzese, 437 Mass. 606, 613 (2002), also fails. Unlike Bruzzese, the sentences here were not imposed as part of a single sentencing scheme. The sentences were instead imposed by different judges, on different dates, after separate trials for different crimes.
For these reasons, the order denying the defendant's motion to reconsider is affirmed.
So ordered.
Affirmed.

As a result of the above dispositions, the defendant was to serve simultaneously (a) life for murder, (b) four to five years for the firearm conviction, (c) ten to twelve years for mayhem, (d) eight to ten years for assault and battery by means of a dangerous weapon, and (e) eight to ten years for assault and battery on a guard or correction officer.

The defendant contends that direct estoppel does not apply because he did not present the Plymouth plea colloquy transcript in the record on his appeal from the manslaughter conviction. Whatever the reason for that omission, there is no doubt that the transcript of the colloquy (which occurred in December, 1997) was available long before the appeal from his manslaughter conviction. We therefore are unpersuaded that the omission relieves the defendant from the operation of direct estoppel.