COMMONWEALTH *vs.* CARL M. HOLMGREN.

Worcester. September 13, 1995. - November 3, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Revocation of probation, Sentence. *Due Process of Law,* Probation revocation. *Collateral Estoppel.*

Principles of collateral estoppel do not bar the Commonwealth from revoking probation based on evidence of a violation of law of which the probationer has been found not guilty, inasmuch as the burden of proof in a probation revocation hearing is proof by a preponderance of the evidence, not proof beyond a reasonable doubt. [225-228]

At a probation revocation hearing the judge has no discretion to impose a sentence other than the original sentence suspended, if he orders the suspension revoked and if the time has expired within which the sentence may be revised or revoked. [228]

COMPLAINT received and sworn to in the Spencer Division of the District Court Department on July 2, 1990.

A proceeding for revocation of probation was heard by *Austin T. Philbin,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brendan P. Murray* for the defendant.

*Sandra L. Hautanen,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. On September 27, 1990, the defendant was found guilty of operating a motor vehicle while under the influence of liquor, second offense. The judge imposed an eighteen-month sentence to a house of correction, which he suspended until September 22, 1992. One condition of probation was that the defendant obey State laws. In April, 1992, the defendant was charged with new motor vehicle offenses, including operating a motor vehicle while under the influence

of liquor, third offense. In May, 1992, a notice of surrender for alleged violations of the conditions of his probation was served on the defendant. No action was taken on the probation surrender matter until after the defendant's trial on the new charges.

On December 28, 1992, a jury found the defendant not guilty of the new charges. The probation revocation hearing was held about two weeks later. Relying on the not guilty findings, the defendant moved that the probation revocation proceeding be dismissed or, alternatively, that no evidence concerning the April, 1992, incidents be admitted at the revocation hearing. The judge denied both motions and, based on a preponderance of the evidence, found that the defendant had committed a subsequent offense of operating while under the influence of alcohol. The judge, believing that he had no alternative, imposed the entire eighteen-month sentence to the house of correction that had been imposed but suspended in September, 1990. The judge stayed execution of the sentence pending appeal. We transferred the appeal to this court on our own motion.

The defendant argues that, based on the Fifth and Fourteenth Amendments to the Constitution of the United States and arts. 11 and 12 of the Massachusetts Declaration of Rights, the Commonwealth was collaterally estopped at the revocation hearing from relying on evidence of his alleged subsequent violations of law. His point is that, because the jury found him not guilty of the subsequent charges, the Commonwealth was barred from thereafter relying on evidence concerning those charges to revoke his probation. The defendant also challenges the judge's ruling that he lacked authority to impose anything less than the entire original sentence. We reject both arguments and affirm the order imposing the original eighteen-month sentence.

1. Principles of collateral estoppel do not bar the Commonwealth from revoking probation based on evidence of a violation of law of which a probationer has been found not guilty. The reason for this result lies in the difference in the burden of proof in the two proceedings. In a criminal case, of course,

the Commonwealth must prove the elements of each crime charged beyond a reasonable doubt. In a probation revocation hearing the Commonwealth bears a lesser burden. Although the burden of proof in a revocation of probation proceeding has been variously described, it is proof by a preponderance of the evidence, the standard that the judge applied in this case. See *Commonwealth* v. *Maggio*, 414 Mass. 193, 198 (1993) (violation of condition of probation must be found "at least to a reasonable degree of certainty"); *United States* v. *Czajak*, 909 F.2d 20, 22, 24 (1st Cir. 1990) (proof beyond reasonable doubt not required; court must be "reasonably satisfied" of violation of condition of probation). See also *United States* v. *Gallo*, 20 F.3d 7, 14 (1st Cir. 1994) ("it is enough if the proof, reasonably viewed, satisfies the court that a violation occurred"); *Brown, petitioner*, 395 Mass. 1006, 1007 (1985) (trial judge applied preponderance of evidence standard).

Because of the differences in the burden of proof, the concept of collateral estoppel in a double jeopardy sense, expressed in *Ashe* v. *Swenson*, 397 U.S. 436, 445 (1970), has no application here. See *Dowling* v. *United States*, 493 U.S. 342, 349 (1990) ("an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof"); *United States* v. *One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984) (same); *One Lot Emerald Cut Stones & One Ring* v. *United States*, 409 U.S. 232, 235 (1972) (per curiam) (same). The majority view in this country is that collateral estoppel principles do not bar a probation revocation hearing based on an offense of which the defendant has been acquitted after a criminal trial. See, e.g., *Avery* v. *State*, 616 P.2d 872, 873-874 (Alaska 1980); *State* v. *Jameson*, 112 Ariz. 315, 318 (1975); *In re Coughlin*, 16 Cal. 3d 52, 57-58 (1976); *Russ* v. *State*, 313 So. 2d 758, 760 (Fla.), cert. denied, 423 U.S. 924 (1975); *Johnson* v. *State*, 240 Ga. 526, 527-528, cert. denied, 439 U.S. 881 (1978); *Gibson* v. *State*, 328 Md. 687, 695-697 (1992); *Turner* v. *State*, 784 S.W.2d 342, 344 (Mo. Ct. App. 1990); *Bouyer* v.

*State*, 655 S.W.2d 355, 356 (Tex. Ct. App. 1983). In jurisdictions once taking the contrary position, the continued vitality of the cases so holding has been placed in doubt. See *People* v. *Grayson*, 58 Ill. 2d 260 (1974), cert. denied, 421 U.S. 994 (1975), questioned in *In re Nau*, 153 Ill. 2d 406, 428 (1992); *Commonwealth* v. *Brown*, 503 Pa. 514 (1983), limited in *Lyness* v. *State Bd. of Medicine*, 127 Pa. Commw. 225, 239 (1989), and in *Hawkins* v. *Pennsylvania Bd. of Probation & Parole*, 88 Pa. Commw. 547, 553 (1985).[1]

Our conclusion depends on the difference in the burden of proof in the two proceedings — the criminal trial and the probation revocation proceeding. If the burden of proof in a probation revocation proceeding were proof beyond a reasonable doubt, the result in this case would be that the Commonwealth could not properly try the revocation charges because the Commonwealth should not have a second chance to prove the criminal charges beyond a reasonable doubt. We decline, however, to adopt proof beyond a reasonable doubt as the standard to be met in probation revocation proceedings. Nor do we see any reason to adopt such a standard in those more limited instances in which revocation is sought because of a probationer's commission of a crime. The defendant probationer made an agreement to comply with certain conditions on the basis of which his sentence was suspended. Proof by a preponderance of the evidence of a breach of that contract is consistent with the proof required for establishing the breach of other contracts.

The fact that, if convicted of a crime, a probationer may not relitigate the issue in a revocation proceeding is based on the logic that, if the wrong was proved beyond a reasonable doubt, the Commonwealth need not be compelled to prove

---

[1]Because the revocation of probation is not punishment for commission of any subsequent crime charged, but rather is a remedial sanction arising from the sentence imposed for the earlier offense, no double jeopardy issue is presented by having a revocation hearing, involving the same alleged wrongdoing. See *Department of Revenue of Mont.* v. *Kurth Ranch*, 114 S. Ct. 1937, 1948 (1994); *Kvitka* v. *Board of Registration in Medicine*, 407 Mass. 140, 146 n.4, cert. denied, 498 U.S. 823 (1990).

the case again on the lesser standard of proof. The argument that in fairness there should be reciprocal "estoppel" of the Commonwealth when it loses the criminal case is not persuasive in light of the different burdens of proof in the two situations.

2. Whether it is a desirable rule or not, when probation is revoked, the original suspended sentence must be imposed, if the time has expired within which the sentence may be revised or revoked (see Mass. R. Crim. P. 29 [a], 378 Mass. 899 [1979]). Pursuant to G. L. c. 279, § 3 (1994 ed.), if the suspension of a sentence is revoked, "the sentence shall be in full force and effect." The judge had no choice, once he decided that the suspension of sentence should be revoked. The Federal practice is different, allowing the revoking judge the discretionary authority to impose any sentence within the statutorily permissible range of sentences for the particular offense. See 18 U.S.C. § 3565 (1994).

*Order imposing original sentence affirmed.*