COMMONWEALTH *vs.* SOLOMON J. REDDIX. June 16, 1999. *Practice, Criminal,* Revocation of probation. *Constitutional Law,* Double jeopardy. *Collateral Estoppel.*

This matter arises from the allowance of a motion to dismiss pending criminal charges against the defendant following a finding by a judge at the defendant's earlier probation revocation proceeding that the charges had not been proved by the Commonwealth. The Commonwealth appealed and we granted its application for direct appellate review. The collateral estoppel issue in this case is controlled by *Krochta* v. *Commonwealth, ante* 711 (1999), also decided today.

Neither the protection against being twice put in jeopardy nor the principle of collateral estoppel precludes prosecution of a defendant on charges that the Commonwealth failed to prove were committed by the defendant in violation of his probation at an earlier probation revocation proceeding. At his probation revocation proceeding the defendant was not put in jeopardy for the charges, and the difference between the burdens of proof on the common factual issues precludes the application of collateral estoppel between the two proceedings. See *id.*

The judge in this case allowed the defendant's motion because he felt

compelled to do so by a negative implication he drew from our holding in *Commonwealth* v. *Holmgren*, 421 Mass. 224 (1995). As we discussed in *Krochta, supra*, the *Holmgren* case has broader application than was suggested.

The order dismissing the charges is vacated, and the case is remanded to the District Court for further proceedings consistent with these opinions.

*So ordered.*

*Gail M. McKenna*, Assistant District Attorney, for the Commonwealth.

*Michael David Fontaine* for the defendant.