COMMONWEALTH *vs.* SEAN HARRIGAN.

No. 00-P-1127.

Essex. September 10, 2001. - November 1, 2001.

Present: GILLERMAN, CYPHER, & COHEN, JJ.

*Due Process of Law,* Probation revocation. *Practice, Criminal,* Probation, Confrontation of witnesses.

In a proceeding for revocation of probation, the defendant was not deprived of the right to confront witnesses, implicating due process considerations, by the judge's admission of hearsay testimony of a police officer who, having responded to a domestic disturbance, recounted what the victim had told him, where the defendant had the opportunity to confront the victim and the victim's neighbor regarding the statements attributed to the victim; consequently, the judge did not err in revoking the defendant's probation and committing him on a prior suspended sentence. [149-151]

COMPLAINTS received and sworn to in the Haverhill Division of the District Court Department on June 8, 1998, and July 6, 1998, respectively, and in the Lawrence Division on January 4, 1999.

Following a finding of probable cause by *Kevin M. Herlihy,* J., that probation had been violated, a proceeding for revocation of probation was heard by *William E. Melahn,* J.

*Anthony R. DiFruscia* for the defendant.

*Valerie A. DePalma,* Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. On January 10, 2000, based on a charge of assault and battery, a judge of the Haverhill District Court found probable cause to conclude that the defendant had violated his probation. Following probation violation hearings conducted on January 26 and 28, 2000, a second judge found that "on or about November 12, 1999, the defendant intentionally hit . . . Tori Beal in the right side of her face which resulted in a visible injury," and that by reason of this "subsequent criminal activ-

ity" the defendant had violated the terms of his probation. That judge revoked the defendant's probation, committing him on a suspended sentence that had previously been imposed. The defendant appeals, contesting the sufficiency of the probation violation evidence. There being no error, we affirm.

Officer Ronald Hilchey, a Haverhill police officer, testified for the Commonwealth to the events material to the probation violation proceedings. Officer Hilchey responded within "a minute" to a radio dispatch describing a domestic disturbance at 7 Apple Street. Tori Beal, the defendant's live-in girlfriend, answered the door, and Officer Hilchey interviewed her. Officer Hilchey gave an account of that interview.

According to Hilchey, Ms. Beal was "very upset and crying." She had a "bruise" on her right cheek that "appeared to be a fresh bruise." The sweatshirt she was wearing had "blood spots on [the] sleeve." She kept repeating that she was concerned for her son's safety. She said she had been drinking with her boyfriend, and she was concerned that her boyfriend would be angry at the baby. When first asked about the mark on her face, "she didn't really want to say anything because she didn't want to get anybody in trouble." Asked again, she said she was "punched in the face" by the defendant. Pressed on this point by Hilchey, she repeated she was punched in the face, but then said "No, that wasn't right." When Hilchey told her that he believed she had been struck, she said she did not want the defendant arrested. When asked about prior episodes, she said that the defendant had been charged with the same type of domestic violence crime before. She told Hilchey that her face hurt, but refused an ambulance, explaining that it was "only a punch." She refused to sign the police report, explaining that she did not want to get the defendant in trouble. The Commonwealth rested at the conclusion of Hilchey's testimony.

Tori Beal testified for the defendant. On cross-examination, she stated that she called the police on the evening in question, but then she added that, because she was drunk at the time, she did not remember calling the police but was told that she had. She also testified that she bruised her face when she fell out of

an automobile,[1] but she acknowledged, on cross-examination, that she never gave that explanation to the police.

A neighbor, Howard Hart, testified for the defendant. On cross-examination he acknowledged that Ms. Beal had told him, and had told the police in his presence, that the defendant had hit her.[2] Ms. Beal's father also testified for the defendant. Regarding the bruise on his daughter's face, he testified, "[I]t didn't look like a fall . . . . [I]t looked like a welt, kind of swelled up a little bit, all red. . . . Looked like she got, looked like she got hit to me but that's what I was trying to find out [from her]."

The judge entered his written findings. See rule 7(c) of the District Court Rules for Probation Violation Proceedings (West 2001) ("The court shall make written findings of fact to support the finding of a violation, stating the evidence relied upon").[3] After reciting the procedural background of the proceedings, the judge wrote, "I find that on or about November 12, 1999, the defendant intentionally hit the same Tori A. Beal in the right side of her face which resulted in a visible injury. . . . Accordingly, I find that the defendant violated his terms of probation by reason of subsequent criminal activity."[4]

The defendant made no objection to any question by the prosecutor that sought hearsay statements of Ms. Beal, no doubt because of rule 6(a) of the District Court Rules for Probation Violation Proceedings (West 2001) ("Hearsay evidence shall be admissible at probation violation hearings"). However, on appeal the defendant relies on rule 6(b) of those rules:

> "Where the sole evidence submitted to prove a violation of probation is hearsay, that evidence shall be suf-

---

[1]This version of events was also testified to by another defense witness, Eileen Fleming, a friend of Ms. Beal.

[2]On redirect, Mr. Hart testified that he did not remember whether it was Ms. Beal or the police who said the defendant hit Ms. Beal.

[3]The rules were adopted on December 2, 1999, and went into effect on January 3, 2000, prior to the hearing in this case.

[4]The defendant makes no claim that subsequent criminal activity is not a violation of a condition of his probation. Moreover, because he makes no claim as to the adequacy of the judge's written findings under rule 7(c), that point is waived and requires no discussion. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

ficient only if the court finds in writing (1) that such evidence is substantially trustworthy and demonstrably reliable and (2), if the alleged violation is charged or uncharged criminal behavior, that the probation officer has good cause for proceeding without a witness with personal knowledge of the evidence presented."

District Court Rules for Probation Violation Proceedings 6(b) (West 2001).

The official commentary to rule 6(b) points out that this rule addresses those cases where "the probationer has no opportunity to confront a witness with personal knowledge and test the reliability of that evidence by cross-examination. This deprivation of the right to confrontation of witnesses implicates due process considerations." Commentary to rule 6(b) of the District Court Rules for Probation Violation Proceedings at 603 (West 2001). See *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972) ("minimum requirements of due process [in probation revocation cases] include . . . the right to confront and cross-examine adverse witnesses . . . unless the hearing officer specifically finds good cause for not allowing confrontation . . ."). See also *Commonwealth* v. *Durling*, 407 Mass. 108, 112-120 (1990); *Commonwealth* v. *Emmanuel E.*, 52 Mass. App. Ct. 451, 453-455 (2001).

Obviously, the defendant was not denied the right to confront Ms. Beal or Mr. Hart regarding the statements attributed to Ms. Beal. See note 2, *supra*, as to Mr. Hart. Ms. Beal testified for the defendant. On direct examination, Ms. Beal denied that the defendant hit her on November 11, 1999; she added that she was confused by Hilchey's questions. She also testified that she told Hilchey that the defendant had not hit her. We conclude that the defendant was not denied due process by the admission of Hilchey's testimony regarding Ms. Beal's statements.[5]

There was no error and the Commonwealth sustained its

[5]Because of the conclusions we reach, we need not discuss the defendant's argument that Ms. Beal's statements were not excited utterances (as argued by the Commonwealth), and were inadmissible under rule 6(b)(2) because of the failure of the Commonwealth to show "good cause" for proceeding "without a witness with personal knowledge of the evidence presented." As noted in the text, the availability of Ms. Beal to the defendant made rule 6(b) irrelevant to the analysis of this case.

burden of proof by a preponderance of the evidence.[6] The judge's order revoking the defendant's probation and committing him on his suspended sentence forthwith is affirmed.

*So ordered.*

---

[6]The fact that the complaint on this alleged assault and battery was later dismissed is of no consequence to our decision because of the different standard of proof and evidentiary rules in a criminal prosecution. See *Commonwealth* v. *Holmgren*, 421 Mass. 224, 225-226 (1995).