COMMONWEALTH *vs.* JOHN HERNANDEZ. April 28, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Probation, Revocation of probation, Sentence.

The defendant, John Hernandez, was convicted on June 14, 2000, of assault and battery on a household member, and sentenced by a District Court judge to eighteen months in a house of correction, suspended for a two-year period of probation. Among the conditions of probation were that the defendant enter into and complete a specified treatment program and that he refrain from further criminal activity.

On September 14, 2001, a second District Court judge concluded the defendant had violated the terms of his probation. The judge revoked the defendant's probation and ordered the defendant committed under his original, eighteen-month sentence. See G. L. c. 279, § 4. See also *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995). The defendant neither appealed from the order revoking probation, *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999), nor moved for reconsideration of that order within thirty days, *Commonwealth* v. *White*, 429 Mass. 258, 262 (1999). See *Commonwealth* v. *Balboni*, 419 Mass. 42, 43 (1994). Likewise, the record does not indicate that he sought to enlarge the period for filing a notice of appeal. See *Commonwealth* v. *White, supra* at 262-263.

On January 4, 2002, the defendant filed a motion for a new trial, citing Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), or, alternatively, to revise or revoke the revocation of his probation, citing Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979).[1] The judge considered the motion "as akin to one under Mass. R. Crim. P. 29," and found that "defense counsel's failure to file such a motion within [sixty] days [was] excusable because of the ambiguity in the law and in light of counsel's expressed failure to follow through on his promise" to "file a motion to revise and revoke [the judge's] imposition of the sentence." On reconsideration of the pro-

---

[1]In March, 2002, the defendant filed an "Amended Motion to Revise and Revoke or for a New Trial," purportedly pursuant to Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), and Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001).

bation revocation, on March 29, 2002, the judge concluded that an extension of probation was "more appropriate," and "reprobated" the defendant.

The Commonwealth then filed a petition, pursuant to G. L. c. 211, § 3, seeking an order from a single justice of this court vacating the March 29, 2002, order of the District Court judge. See *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996). The focus of the parties' arguments before the single justice was whether the judge had authority to revise and revoke his September 14, 2001, order, ostensibly under rule 29, on a motion filed more than sixty days after that order. Although the parties had not argued the point, the single justice concluded that the sixty-day period prescribed by rule 29 commenced when the original sentence was imposed, not when the probation was revoked. See *Commonwealth* v. *Bruzzese*, 437 Mass. 606, 614 (2002); *Commonwealth* v. *Holmgren, supra.* The single justice therefore granted the petition, ordered that the March 29, 2002, order be vacated, and effectively reinstated the September 14, 2001, order. The defendant filed a timely notice of appeal, and the appeal was entered in this court.

Despite the convoluted history of the case, the decision of the single justice should be affirmed for the reason (if no other) that the matter was concluded when the defendant failed in a timely manner to appeal from, or seek reconsideration of, the September 14, 2001, order revoking his probation and ordering him committed under the original sentence. We reach this conclusion by considering the petition and arguments that were before the single justice; we decline in these circumstances to consider developments in the District Court after the single justice ruled on the petition, and arguments made by the defendant for the first time on appeal based on those developments.[2]

*Judgment affirmed.*

*Dennis M. Powers* for the defendant.

*Valerie A. DePalma*, Assistant District Attorney, for the Commonwealth.

---

[2]While the matter has been pending in this court, the defendant filed in the District Court a "Motion to Treat Rule 29 Motion as Motion to Reconsider Probation Revocation." The District Court judge, on January 2, 2003, purported to allow this motion, stating that he had not intended to revise the underlying sentence, but had merely "reconsider[ed] my action particularly upon a finding the earlier action was based on flawed legal representation." (The defendant conceded in his motion that the judge and both counsel previously had "all treated the [January 4, 2002,] [m]otion has though it were filed under [r]ule 29.")

The defendant initially sought and obtained a stay of this appeal in order to seek reconsideration of the single justice's decision based on those developments in the District Court. The defendant never pursued a motion for reconsideration in the county court, however, and the stay was eventually lifted.