COMMONWEALTH *vs.* LATORE FERGUSON. No. 04-P-1188. April 28, 2005. *Practice, Criminal*, Probation, Revocation of probation, Appeal, Motion for reconsideration.

In January of 2001, two simultaneous proceedings involving the defendant were conducted: a probation surrender hearing and, on the same evidence, a jury trial on new indictments on the charges of armed assault with intent to rob, G. L. c. 265, § 18(*b*); possession of a firearm without a license, second and subsequent offense, G. L. c. 269, § 10(*a*); and possession of ammunition without a firearm identification card, G. L. c. 269, § 10(*h*). The defendant was found guilty of all charges and was sentenced. The judge also entertained argument on the disposition of the probationary matter and, based upon the guilty verdict, revoked the defendant's probation and imposed sentences.

The defendant appealed from the new convictions, but did not appeal from the revocation of probation. This court reversed the convictions, holding that the defendant had been unfairly prejudiced by an inability to cross-examine the alleged victim, and that a mistrial should have been declared.[1] See *Commonwealth v. Ferguson*, 59 Mass. App. Ct. 1110 (2003).

In February of 2004, the defendant filed a pro se motion seeking to "set aside" the probation revocation order. The trial judge, after hearing, allowed the motion, noting that the probation violation was based "[u]pon that finding of guilty" in the assault and firearms case, and finding that "in consideration of the Appeals Court decision and the circumstances under which the probation violation was tried, . . . vacating the finding of a violation is required because justice may not have been done."

The Commonwealth correctly argues that the defendant's motion was, in effect, an attempt to appeal the probation revocation and was untimely, and that

---

[1]We note that reversal of the defendant's new convictions is not dispositive as to the probation violation because the burden of proof in a probation revocation hearing is lower than that in a criminal trial. See *Commonwealth v. Holmgren*, 421 Mass. 224, 225-226 (1995); *Krochta v. Commonwealth*, 429 Mass. 711, 718 (1999).

the judge lacked authority to vacate her probation revocation order. The Supreme Judicial Court has stated that there are only two ways to appeal an order of probation revocation: (1) a timely appeal from the imposition of the previously suspended sentence, or (2) a timely motion for reconsideration of the order revoking probation. See *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999) ("a defendant may appeal a probation revocation order. . . . To do so, the defendant must file a notice of appeal within thirty days of the imposition of the previously suspended sentence"); *Commonwealth* v. *Hernandez*, 441 Mass. 1014, 1015 (2004) ("the decision of the single justice should be affirmed for the reason [if no other] that the matter was concluded when the defendant failed in a timely manner to appeal from, or seek reconsideration of, the September 14, 2001, order revoking his probation and ordering him committed under the original sentence").

The defendant here made no timely appeal or motion for reconsideration of the revocation order.[2] Thus, the order vacating the defendant's probation revocation is reversed.

*So ordered.*

The case was submitted on briefs.

*John P. Zanini*, Assistant District Attorney, for the Commonwealth.
*Edward W. Wayland* for the defendant.


---

[2]We do not consider an ineffective assistance of counsel claim, as no such claim is before us. Cf. *Commonwealth* v. *Faulkner*, 418 Mass. 352, 358 (1994).