Gordon, Robert B., J.
Plaintiff John Doe (“Doe”) brings this action pursuant to Mass. G.L.c. 6, §178M and Mass. G.L.c. 30A, §14, challenging defendant Sex Offender Registry Board’s (“SORB”) decision to classify him as a level 1 sex offender. Doe argues that he was not convicted of a sex offense for purposes of the Sex Offender Registry Law (“SORL”) and, therefore, SORB lacked jurisdiction to classify him as a sex offender. The Court agrees, and, for the reasons which follow, Doe’s Motion for Judgment on the Pleadings is ALLOWED.
BACKGROUND
The following evidence was presented to SORB’s hearing examiner on November 17, 2011.
A.The Index Sex Offenses
On March 1, 2005, Doe, who was 18 at the time,[1] walked by two teenage girls at a bus stop and touched their buttocks over their clothing. On June 29, 2005, in Springfield District Court, Doe admitted to sufficient facts on two counts of indecent assault and battery on a person age 14 or over (Mass. G.L.c. 265, § 13H). Doe’s charges were continued without a finding (“CWOF”), and Doe was placed on probation for one year.
B.Violation of Probation
On November 4, 2005, the Springfield District Court found that Doe had violated the terms of his probation by committing a breaking and entering, larceny under $250, and possessing burglarious tools. For these offenses, Doe was sentenced to 11 months’ incarceration. As a result of Doe’s probation violation, the District Court, on November 4, 2005, revoked Doe’s CWOF, entered a guilty finding, and terminated Doe’s probation. Specifically, the District Court docket for November 4, 2005 states: “Continuation revoked. Guilty entered. Probation terminated. Defendant discharged. Monies if any remitted.” In its November 4, 2005 order, the District Court did not state that it was imposing any new or continuing sentence for Doe’s sex offenses or for the probation violation. However, Doe’s Board of Probation Record (“BOP”) reflects that, on November 4, 2005, he was sentenced to 11 months’ incarceration for the larceny-related (non-sexual) offenses.
C.The Hearing Examiner’s Decision
On September 16, 2009, SORB notified Doe that it recommended he register as a level 2 sex offender. On *313 November 17, 2011, SORB held a de novo hearing on Doe’s classification. During the hearing, Doe maintained that SORB lacked jurisdiction to classify him as a sex offender, because Doe was never convicted of a sex offense within the meaning of the SORL. According to Doe, although on November 4, 2005 the District Court entered a guilty finding on his sex offenses, it never imposed a sentence for those offenses. There was, therefore, no “conviction.”[2] The hearing examiner rejected Doe’s assertion, and found that SORB had jurisdiction to classify him as a sex offender. On December 19, 2011, after applying the statutory and regulatory factors set forth in Mass. G.L.c. 6, §178C-Q and 803 Code Mass. Reg. 1.00 et seq., the hearing examiner issued a final decision requiring Doe to register as a level 1 sex offender.
Raising the same arguments made during his classification proceedings, Doe now moves for judgment on the pleadings. Doe asserts that he was not “convicted” of a sex offense and, therefore, SORB lacked jurisdiction to classify him as a sex offender.
DISCUSSION
Under Mass. G.L.c. 30A, §14, any person aggrieved by an agency decision in an adjudicatory proceeding may appeal the decision to the Superior Court. The court will reverse or modify an agency decision “if it determines that the substantial rights of any party may have been prejudiced” because the decision is “unsupported by substantial evidence,” or if the decision is “arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.” Mass. G.L.c. 30A, §14(7). A court may order relief from an agency decision if the decision was: (a) in violation of constitutional provisions; (b) in excess of the statutory authority or jurisdiction of the agency; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the court on the record submitted or amplified where the court is constitutionally required to make independent findings of fact; or (g) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. Id.; see generally Cobble v. Commissioner of Dept, of Soc. Servs., 430 Mass. 385, 389 (1999). The parly appealing the agency decision bears the burden of demonstrating its invalidity. See Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
In the present case, Doe asserts that SORB exceeded its statutory authority in classifying him as a level 1 offender because he was never actually convicted of a sex offense. To be classified as a sex offender, an individual must be convicted of a sex offense as defined in the SORL. Mass. G.L.c. 6, §178C; see Doe No. 151564 v. SORB, 456 Mass. 612, 615 (2010). For there to be a conviction, there must be both a finding of guilt and a sentence imposed for the offense so found. Commonwealth v. Kitey, 150 Mass. 325, 326 (1889), cited in State Bd. of Retirement v. Woodward, 446 Mass. 698, 707 n.8 (2006); see also Doe No. 1211v. SORB, 447 Mass. 750, 758 n.5 (2006) (no conviction on a criminal charge unless sentence therefor is imposed).
A. No Conviction on June 29, 2005
As noted, on June 29, 2005, the District Court issued a CWOF on Doe’s sex offenses and sentenced him to a one-year term of probation for those offenses. The parties agree that while a probation order constitutes a sentence, a CWOF does not constitute a guilty finding. See Commonwealth v. Durling, 407 Mass. 108, 111 (1990); Santos v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds of the Div. of Ins., 29 Mass. L. Rptr. 149, *5 (Mass.Super. 2011). Thus, although there was a sentence on June 29, 2005, Doe was not convicted of a sex offense for purposes of the SORL at that time, because there was no finding of guilt for same.
B. Circumstances Changed on November 4, 2005—Probation Violation
The circumstances changed, however, when the District Court found Doe in violation of his probation on November 4, 2005. As a result of this violation, the District Court revoked the CWOF, entered a guilty finding, and terminated the probation for Doe’s sex offenses. It is undisputed that on November 4, 2005, the guilty finding necessary for a conviction came into being. 1116 parties dispute, however, whether the District Court’s November 4, 2005 order included a sentence for the antecedent sex offenses. After reviewing the record with care, the Court concludes that the District Court did not impose any sentence for Doe’s sex offenses, and Doe was thus not convicted of such offenses for purposes of the SORL. Accordingly, SORB lacked jurisdiction to classify Doe as a sex offender.
1. District Court Docket and Doe’s BOP Indicate No Sentence for the Sex Offenses
The District Court’s docket clearly indicates that the court did not impose a sentence for Doe’s sex offenses. The November 4, 2005 docket entry states that Doe’s probation was “terminated” and that he was “discharged.” Although the District Court had previously entered a guilty finding on the sex offenses, there is no indication on the docket that it imposed a sentence for those offenses. Moreover, there is no indication that the District Court issued a written probation order in connection with the November 4, 2005 guilty finding. See District Court Rules for Probation Violation Proceedings, at R. 2 (defining probation order); Mass. G.L.c. 276, §85 (“Every person released upon probation shall be given ... a written statement of the terms and conditions of the release”).
Doe’s BOP likewise indicates that although the District Court issued a guilty finding on November 4, 2005, it did not impose a sentence for the sex offenses. The November 4, 2005 entry thus reflects only a guilty *314 finding for two counts of indecent assault and battery on a person over age 14. It does not, however, indicate any sentence for these counts. Further, although the BOP shows that on November 4, 2005 Doe was sentenced to 11 months’ incarceration, the BOP unambiguously indicates that this sentence was for breaking and entering, larceny, and possession of burglarious tools; it was not a punishment imposed for Doe’s sex offenses.[3]
2.June 29, 2005 Probation Sentence Was Not Subsumed Within the November 4, 2005 Guilty Finding
SORB suggests that even if the District Court did not impose a sentence on November 4, 2005, the probation sentence issued with the CWOF on June 29, 2005 was subsumed within the November 4, 2005 guilty finding, such that the June 29, 2005 sentence along with the November 4, 2005 guilty finding coalesced to form an indexing conviction for the sex offenses. The record, however, in particular the District Court docket, does not support this argument. There is no indication that the June 29, 2005 probation sentence remained in force after the District Court entered its guilty finding on November 4, 2005. To the contrary, as discussed above, the November 4, 2005 docket states only that Doe’s probation was “terminated.”
3.No Sentence was Automatically Imposed when the District Court Entered its Guilty Finding
SORB also suggests that, upon the District Court’s revocation of the CWOF and entry of a guilty finding on November 4, 2005, a sentence was automatically imposed on Doe as a matter of law. In support of this contention, SORB references Rule 9(c) of the District Court Rules for Probation Violation Proceedings, which states:
Upon revocation of probation [after a defendant violates probation imposed with a CWOF], any sentence that was specified as a condition of the plea or admission and accepted by the court that ordered the continuance, shall be imposed . . . (emphasis added).
Rule 9(c) does not apply, however, because, in ordering the CWOF on June 29, 2005, the District Court did not specify any sentence as a condition of Doe’s admission.[4]
To buttress its position that Doe was sentenced for his sex offenses, SORB relies by analogy on Commonwealth v. Holmgren, 421 Mass. 224 (1995), which addresses suspended sentences.[5] Holmgren holds that “when probation is revoked, the original suspended sentence must be imposed.” Id. at 228. Holmgren, however, is inapposite, because the present case does not involve a suspended sentence. In fact, the case at bar does not even involve the far more analogous situation where, under Rule 9(c) of the District Court Rules for Probation Violation Proceedings, a court specifies a sentence as a condition of a defendant’s plea or admission.[6]
Accordingly, SORB’s reliance on Rule 9(C) of the District Court Rules for Probation Violation Proceedings and Holmgren is misplaced. There is no support for the assertion that on November 4, 2005, any sentence—probation or otherwise—was automatically imposed in connection with Doe’s guilty finding on his prior sex offenses.
4.Failure to Impose a Sentence Does . Not Violate Rule 9(c) of the District Court Rules for Probation Violation Proceedings
Finally, contrary to SORB’s suggestion, Rule 9 of the District Court Rules for Probation Violation Proceedings did not require the District Court to impose a sentence upon terminating Doe’s CWOF and entering a guilty finding. SORB observes that Rule 9(d) states that “(u]pon revocation of a probation order where no sentence was specified as a condition of the plea or admission and accepted by the court that ordered the continuance, the court shall impose sentence as provided by law.” Rule 9(d), however, does not apply in this case. Rule 9(d) concerns the actions a court must take after revoking probation. Here, the District Court did not revoke Doe’s probation on November 4, 2005, but rather terminated it. The plain language of Rule 9(d) indicates that the court shall impose a sentence where a probation order is revoked. Rules 7(d)(ii), (iv) and (f) of the District Court Rules for Probation Violation Proceedings make clear that terminating probation (see Rule 7(d)(ii)) and revoking probation (see Rule 7(d)(iv) and (f)) are entirely distinct dispositional actions.[7]
As an alternative to revoking Doe’s probation on November 4, 2005, it was permissible for the District Court to terminate it pursuant to Rule 7(d)(ii). Rule 7(d) (ii) provides that:
After the court has entered a finding that a violation of probation has occurred, the court may order any of the following disposition . . . (ii) Termination: The court may order that the probation to be considered completed and terminate the probation order.
Accordingly, because the District Court did not revoke Doe’s probation, but rather terminated it, Rule 9(d) did not apply so as to require the court to impose a sentence in connection with the guilty finding on the sex offenses.[8]
C. Conclusion
Although the District Court issued a guilty finding on November 4, 2005, it did not impose a sentence against Doe for his sex offenses. The probation sentence originally imposed on June 29, 2005 was terminated on November 4, 2005, and no new sentence was issued at that time. Because Doe was not sentenced for the indecent assault and battery offenses, he was not convicted of a sex offense for purposes of the SORL. *315 Accordingly, SORB lacked jurisdiction to classify Doe as a sex offender. See Mass. G.L.c. 6, §178C; Doe No. 151564, 456 Mass, at 615.
ORDER
For the reasons stated above, it is hereby ORDERED that Doe’s Motion for Judgment on the Pleadings be ALLOWED.

Doe is now 25 years old.

As discussed infra, a “conviction” under the SORL requires both a finding of guilt for an offense and a sentence for that particular offense. •

Any suggestion that the 11 months’ incarceration sentence somehow combined with the November 4, 2005 guilty findings for indecent assault and battery to form an integrated sex offense conviction is in error. A criminal sentence must relate to a predicate finding of guilt producing the same to constitute a conviction. Although the 11 months’ incarceration was a “sentence,” that sentence was unmistakably not for Doe’s sex offenses.

In addition, Rule 9(c) does not apply because on November 4, 2005, the District Court did not “revoke” Doe’s probation but rather terminated it. See infra.

In Holmgren, the court had imposed an 18-month incarceration sentence which it suspended. Id. at 225. When the defendant violated his probation, the court revoked the probation and re-imposed the original 18-month sentence. Id. at 226, 228.

The present case is likewise distinguishable from Holmgren because, in Holmgren, when the court suspended the sentence, the defendant had already been found guilty of operating under the influence. Id. at 225. In the present case, by contrast, when the District Court sentenced Doe to probation on June 29, 2005, it did not enter a guilty finding, but instead recorded a CWOF.

Like Rule 9(d), Rule 7(f) provides that “[u]pon revocation of probation in a case where no sentence was imposed following conviction, the court shall impose a sentence as provided by law.”

In addition, and again contrary to SORB’s suggestion, the District Court did not violate Rule 9(c) because, where the court did not specify a sentence as a condition of Doe’s admission, 9(c) does not apply.