Following a probation violation hearing in the Superior Court, the defendant, Shawn MacBarron, was found in violation of his probation and sentenced to four to five years in State prison. In this appeal, the defendant claims that there was insufficient evidence to support the violation and that his counsel provided ineffective assistance. We affirm.
Background. The defendant is a level three registered sex offender, who was on probation for possession of child pornography. As a condition of probation, the defendant was to have no unsupervised contact with a child under the age of fourteen. The probation department filed a notice of surrender alleging that the defendant violated this term of probation and a hearing was conducted in November, 2015.
The evidence at the revocation hearing established that in July, 2015, the defendant was working at his father's booth at the Fall River Flea Market. Ronald Durand, another probationer who participated in group therapy with the defendant, was also present at the flea market. Durand observed the defendant sitting face-to-face with a young boy who appeared to be between seven and ten years old. The two were sitting close enough to each other to allow their knees to almost touch. The defendant was talking to this child periodically throughout the day, without any other persons present. In total, the defendant spoke to the child for approximately five minutes. At the following group therapy session, Durand told the defendant that the defendant had to disclose his contact with the child to their therapist. The defendant did so, claiming that he knew the child's parents and that the child's father asked the defendant to speak to his son because he was having problems with anxiety and depression. The defendant also claimed that the child's father was present at the flea market, although the father was not close enough to hear their conversation. The evidence at the revocation hearing also included video surveillance from the flea market where the defendant is seen conversing with the child four separate times throughout the day.
Discussion. 1. Insufficient evidence. The defendant argues that the evidence at his revocation hearing was insufficient to support a finding by a preponderance of the evidence that he violated his probation by having unsupervised contact with a child under the age of fourteen. See Commonwealth v. Holmgren, 421 Mass. 224, 226 (1995). We disagree. There was evidence which, if believed, established that the defendant met with a child between the ages of seven and ten while unsupervised. Durand's eyewitness testimony was corroborated by video surveillance of the flea market, where the defendant is seen conversing with the child throughout the day, unsupervised. At group therapy, the defendant himself admitted to speaking with the child, and his therapist testified at the hearing as to his disclosure. The defendant claimed that he was supervised at the time he was with the child; the hearing judge "was not required, however, to accept any of the exculpatory reasons offered by the defendant." Commonwealth v. Tate, 34 Mass. App. Ct. 446, 449 (1993). Further, "[t]he determination of the weight and credibility of the testimony is the function and responsibility of the judge who saw and heard the witnesses, and not of this court." Commonwealth v. Moon, 380 Mass. 751, 756 (1980). The testimony of the witnesses, coupled with the video surveillance, and the defendant's history of sexual offenses, provided sufficient evidence to warrant the finding that the defendant violated his probation and should be committed.[2] See Tate, 34 Mass. App. Ct. at 451 ("Revoking probation is a decision within the sound discretion of the judge in the trial court"). Due to the defendant's history and underlying offense for child pornography, there is no merit to the defendant's argument that the hearing judge failed to fully consider the circumstances of his violation. Once a violation has been found, the nature of the violation is only one of many factors that could be considered by the judge. See Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 577 (2001) (when sentencing defendant for violation of probation, "the judge will take into consideration the traditional factors relevant to any sentencing decision"). The defendant's sentence, however, is not "punishment for the act or acts that prompted revocation of probation. Rather, the probationer is being punished for the underlying offense for which a probationary sentence originally was imposed." Commonwealth v. Odoardi, 397 Mass. 28, 30 (1986). See Holmgren, 421 Mass. at 227 n.1 ; Commonwealth v. Doucette, 81 Mass. App. Ct. 740, 744 (2012) ("Once the sentence of straight probation was revoked, the judge was permitted to impose any sentence recognized under law for the original offense"). We conclude there was no abuse of discretion in the sentence imposed on the defendant's underlying charge of possession of child pornography.
2. Ineffective assistance of counsel. The defendant claims he received ineffective assistance of counsel because his defense counsel failed to call witnesses at the violation hearing who could verify the defendant was supervised while talking to the child. We review claims of ineffective assistance of counsel using the two-prong test outlined in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant bears the burden of establishing that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer" and that such behavior has deprived him "of an otherwise available, substantial ground of defence." Commonwealth v. Pike, 53 Mass. App. Ct. 757, 760 (2002), quoting Saferian, 366 Mass. at 96.
Here, the defendant has failed to meet his burden of proof because he did not file an affidavit from defense counsel explaining counsel's strategy at the revocation hearing. Without such a statement, we cannot conclude that defense counsel's failure to call these witnesses at the revocation hearing was a manifestly unreasonable tactical decision. See Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), quoting Commonwealth v. Adams, 374 Mass. 722, 728 (1978) ("A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made"); Commonwealth v. Hernandez, 63 Mass. App. Ct. 426, 430 (2005).
Nor has the defendant produced an affidavit from the child's father, or the man who allegedly agreed to supervise the defendant at the flea market, indicating that the testimony of these witnesses would have benefited his case. See Commonwealth v. Ortega, 441 Mass. 170, 178 (2004) ("the defendant must show that the purported testimony would have been relevant or helpful"). Further, the defendant's allegation that the hearing judge "took the word" of Durand that the defendant was unsupervised is without merit, where the parties watched the video surveillance of the flea market at the hearing, and where the video was submitted in evidence for the judge. Therefore, the defendant has not proved that his defense counsel fell "measurably below" that of an "ordinary fallible lawyer." Saferian, 366 Mass. at 96. See Ortega, 441 Mass. at 178-179 (defense counsel's failure to call certain witnesses not ineffective where defendant provided no affidavits from prospective witnesses setting forth their testimony).
Lastly, assuming arguendo that the decision not to call these witnesses was manifestly unreasonable, the defendant cannot meet the second prong for an ineffective assistance claim. Even if these witnesses had testified at the hearing, the record indicates other sufficient evidence that the defendant had unsupervised contact with the minor. Accordingly, the defendant has not shown that failure to procure these witnesses deprived him of a "substantial ground of defence." Saferian, 366 Mass. at 96.
Order revoking probation affirmed.

Given the sufficiency of this evidence, and the judge's careful findings made at the hearing, the defendant's argument that the judge failed to consider the minimal nature of his violation and speculative arguments made by the Commonwealth, thereby violating his rights to due process, is without merit. See Commonwealth v. Durling, 407 Mass. 108, 113-114 (1990) (explaining due process rights at revocation hearings); Commonwealth v. Morse, 50 Mass. App. Ct. 582, 592-594 (2000).